## Commonwealth v. Hinterleiter

*Richard W. Webb, District Attorney*, for Commonwealth.

*Thomas S. McCready*, for defendant.

LAVELLE, *P.J.*, January 15, 1980—Before the court is defendant's petition to dismiss two murder charges brought against defendant in 1966. The charges arose from the exposure death of a four-month-old infant and the shooting death of the infant's mother, Sandra L. Jubin.

On April 18, 1967, our predecessor, Judge Albert H. Heimbach, found defendant to be mentally ill and committed him to Allentown State Hospital. In 1968, defendant was placed in Farview State Hospital and he has been confined there continuously to date. In 1974, Judge Heimbach entered an order giving leave to Farview State Hospital to continue defendant's commitment pursuant to section 406 of the Mental Health and Mental Retardation Act of October 20, 1966, P.L. (Sp. Sess.) 96, 50 P.S. §4101 et seq. At the same time, however, the order continued the homicide charges against defendant.

In 1977, the first hearing was held before a mental health review officer pursuant to section 304 of the Mental Health Procedures Act of July 9, 1976, P.L. 817, 50 P.S. §7101 et seq., after which the court ordered defendant detained at Farview for a period not to exceed one year. In 1978 and 1979, additional hearings were held and each time the patient was recommitted to Farview for a period not to exceed one year. Unlike the other years, however, in 1979 defendant was too ill to testify because an organic brain disease (Huntingdon's Chorea) had seriously worsened his already severely disabled mental condition.

We held a hearing on the petition to dismiss on December 27, 1979, and the matter is ripe for disposition.

## DISCUSSION

We are satisfied that section 403 of the Mental Health Procedures Act of 1976 gives us the authority to dismiss the charges against defendant. Section 403(e) states in relevant part: "If the court is of the opinion that by reason of the passage of time and its effect upon the criminal proceedings it

would be unjust to resume the prosecution, the court may dismiss the charge and order the person discharged."

Uncontradicted testimony of Dr. Eun Sook Yoo of Farview State Hospital at the hearing together with her written psychiatric evaluation established that defendant is suffering from "diagnosed Huntingdon's Chorea" and is profoundly deteriorated both physically and mentally. It was her opinion that the possibility that he will ever become competent to stand trial in the future is extremely slight. Past records and doctors' reports substantiate this testimony and show a progressive and unremitting deterioration of defendant's organic condition. At this time, defendant's speech is incomprehensible and he is under total nursing care. The Commonwealth agrees with Dr. Yoo's diagnosis and prognosis.

The passage of time unequivocally demonstrates that defendant's incompetence to stand trial in 1967 has been continuous, unabated, and worsening. To believe that this defendant will ever be able to assist in his defense and answer criminal charges which are now more than 13 years old would be to rely on a tenuous hope and not on the proven experience that his disease is lethal. There is no cure for his condition. Time and Huntingdon's Chorea have so ravaged defendant that he no longer represents a danger to the community.

In our view it is not in the interest of justice nor is it a benefit to society to continue to stay the criminal proceedings against Paul Hinterleiter.

Accordingly, we enter the following

## ORDER

And now, January 15, 1980, the rule to show

cause why murder charges pending against defendant Paul Hinterleiter should not be dismissed is made absolute, and it is ordered and decreed that the murder charges filed against Paul Hinterleiter to nos. 29 and 30, January Session 1967, be, and are hereby dismissed.